J-S12013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIK LOPEZ-TORRALBA | : | |
| | : | |
| Appellant | : | No. 1378 EDA 2020 |

Appeal from the PCRA Order Entered June 9, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003427-2015

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 5, 2021**

Erik Lopez-Torralba appeals from the order, entered in the Court of Common Pleas of Montgomery County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we remand the matter to the PCRA court for a hearing and, if necessary, the preparation of an opinion addressing the issues raised in Lopez-Torralba's *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On March 30, 2016, Lopez-Torralba was convicted by a jury of numerous drug-related offenses and was subsequently sentenced, on August 4, 2016, to nine to eighteen years' imprisonment.  He appealed to this Court, which affirmed his judgment of sentence by memorandum decision dated July 3, 2017. ***See Commonwealth v. Lopez-Torralba***, 2769 EDA 2016 (Pa. Super.

filed July 3, 2017) (unpublished memorandum decision). He did not file a petition for allowance of appeal to the Supreme Court.

On November 21, 2017, Lopez-Torralba filed a *pro se* PCRA petition, raising claims of trial counsel's ineffectiveness. Counsel was appointed and filed a **Turner**/**Finley**[1] no-merit letter. The PCRA court denied relief without a hearing, and Lopez-Torralba appealed. This Court concluded that, based on the lack of a record developed in the PCRA court, it was unable to conduct meaningful review of Lopez-Torralba's claims. Accordingly, the Court vacated the order denying PCRA relief and remanded the case to the PCRA court to conduct an evidentiary hearing on Lopez-Torralba's ineffectiveness claims and to render necessary factual findings. **See Commonwealth v. Lopez-Torralba**, 2434 EDA 2018 (Pa. Super. filed June 25, 2019) (unpublished memorandum decision).

Following remand from this Court, by order dated July 2, 2019, the PCRA court scheduled a hearing, appointed new counsel to represent Lopez-Torralba, and gave counsel 30 days to advise the court whether an amended PCRA petition would be filed. On July 31, 2019, court-appointed counsel filed an amended PCRA petition, raising layered claims of ineffectiveness. The Commonwealth filed an answer and motion to dismiss on September 9, 2019. The court convened a hearing on December 9, 2019, at which time appointed counsel orally moved to withdraw from his representation of Lopez-Torralba

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

due to irreconcilable differences as to strategy. By order issued that same day, the PCRA court continued the hearing and granted counsel's motion to withdraw. On December 10, 2019, the court appointed new counsel to represent Lopez-Torralba and rescheduled the evidentiary hearing for January 31, 2020. On January 23, 2020, at the request of Lopez-Torralba's new counsel, the court again continued the hearing, until March 3, 2020.

On February 10, 2020, Lopez-Torralba filed a counseled motion for discovery, seeking transcripts and/or audio recordings from telephone conversations involving a confidential informant ("CI"), as well as the disclosure by the Commonwealth of the CI's identity. The Commonwealth opposed Lopez-Torralba's motion. Following the March 3, 2020 hearing, at which the court orally denied the discovery motion, the PCRA court dismissed Lopez-Torralba's amended PCRA petition on June 8, 2020.

On July 14, 2020, the Montgomery County Clerk of Courts docketed a *pro se* notice of appeal filed by Lopez-Torralba, who was still represented by counsel. That same day, the PCRA court issued an order directing Lopez-Torralba to file a Rule 1925(b) statement. Thereafter, on July 16, 2020, counsel filed a notice of appeal on Lopez-Torralba's behalf. Both the *pro se* and counseled notices of appeal were facially untimely. On July 30, 2020, counsel filed a Rule 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion on September 22, 2020, concluding that (1) Lopez-Torralba's *pro se* notice of appeal was a nullity and (2) counsel's notice of appeal was untimely. Accordingly, the PCRA court recommended quashal of the appeal.

On August 25, 2020, Lopez-Torralba filed with this Court a motion requesting that his case be remanded to the PCRA court for a **Grazier**[2] hearing, as he wished to represent himself on appeal. On September 28, 2020, this Court issued an order granting Lopez-Torralba's motion for remand and directed the PCRA court to convene a hearing to determine whether Lopez-Torralba's waiver of counsel was knowing, intelligent and voluntary. Following a **Grazier** hearing, on November 3, 2020, the PCRA court issued an order granting Lopez-Torralba's request to proceed *pro se* on appeal and terminating counsel's representation.

While Lopez-Torralba's **Grazier** hearing was pending, on September 21, 2020, this Court issued a rule to show cause why Lopez-Torralba's appeal should not be quashed as untimely filed. On September 29, 2020, counsel filed a response to the rule to show cause.[3] On October 14, 2020—with the **Grazier** hearing still pending—Lopez-Torralba filed a *pro se* response to the rule to show cause, in which he averred that he deposited his *pro se* notice of appeal with prison officials on July 5, 2020. Lopez-Torralba attached to his response copies of prison cash slips reflecting that fact.

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] In his response, counsel stated that he had attempted to timely e-file the notice of appeal, but was notified by the clerk, via email dated July 6, 2020, that the filing had been rejected. Due to the Covid-19 judicial emergency, counsel was unable to hand-file the notice of appeal. Accordingly, on July 7, 2020, counsel mailed the document to the clerk of courts, and sent a copy to the PCRA court.

This case presents us with a procedural quagmire resulting from Lopez-Torralba's submission of multiple *pro se* filings while represented by counsel. Our Supreme Court has long held that the prohibition against hybrid representation precludes consideration of *pro se* filings while a petitioner is represented by counsel. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion."); **see also Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no right to hybrid representation either at trial or on appeal.") (citation omitted).

However, *pro se* notices of appeal are an exception to this rule. *Pro se* notices of appeal filed by represented appellants are distinguishable from other forms of hybrid representation, because they protect the appellants' right to appeal as set forth in the Pennsylvania Constitution. **See S.C.B. v. J.S.B.**, 218 A.3d 905, 911 n.4 (Pa. Super. 2019), citing **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) ("Because a notice of appeal protects a constitutional right, it is distinguishable from other filings[.] We thus hold that this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]"). Thus, had Lopez-Torralba's *pro se* notice of appeal been facially timely, our inquiry would end there. However, our analysis is complicated by the fact that the *pro se* notice of appeal was not, in fact, facially timely. Accordingly, as noted above, we issued a rule to show cause why the appeal should not be quashed. The rule was entered

after Lopez-Torralba filed his motion for a **Grazier** hearing, but prior to the grant of that motion. As such, Lopez-Torralba's *pro se* response to the rule to show cause should technically be deemed a legal nullity, as he filed it during the time he was still represented by counsel. However, because the PCRA court subsequently determined that Lopez-Torralba's decision to proceed without counsel was knowing, intelligent, and voluntary, we will consider the merits of his *pro se* response to the rule to show cause.

As noted above, Lopez-Torralba argues that his notice of appeal was timely filed pursuant to the prisoner mailbox rule. **See** Pa.R.A.P. 121(a). Rule 121 provides, in relevant part:

> A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.

Pa.R.A.P. 121(a). A prisoner bears the burden of proving delivery of the notice to prison authorities within the prescribed time period for its filing. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Reasonable verifiable evidence for proving timely delivery includes, but is not limited to, a Postal Form 3817 certificate of mailing or a prison "cash slip" noting a prisoner account deduction and the date of mailing. **Id.** "Where . . . the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." **Id.** at 426 n.3. "Where, however, the opposing party does not challenge the timeliness of the appeal and the

prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." ***Commonwealth v. Cooper***, 710 A.2d 76, 79 (Pa. Super. 1998) (citation omitted).

Here, Lopez-Torralba has submitted, in conjunction with his response to the rule to show cause, copies of prison cash slips that appear to confirm that his notice of appeal was timely deposited with prison authorities on July 5, 2020. ***See*** Response to Rule to Show Cause, 10/14/20, at Exhibit B. However, the Commonwealth does not concede the application of the prisoner mailbox rule and has requested that we remand the case to the PCRA court to allow the court to "address the implications of the [prisoner] mailbox rule [and] the merits of [Lopez-Torralba's] underlying claims." Brief of Appellee, at 8. Accordingly, we are constrained to remand this case to the PCRA court, which shall, within 30 days of the date hereof, make a factual determination as to the application of the prisoner mailbox rule to Lopez-Torralba's *pro se* notice of appeal. Should the court conclude that the notice of appeal was timely filed, it shall, within 30 days of that determination, prepare a Pa.R.A.P. 1925(a) opinion addressing the substantive issues raised by Lopez-Torralba in his *pro se* Rule 1925(b) statement filed on November 13, 2020.

Case remanded with instructions. Panel jurisdiction retained.